22262. FARMERS PROTECTIVE FIRE INSURANCE CO. *v.* JONES.

STEPHENS, J. 1. Where a fire-insurance policy insures for a stated sum various household effects specifically enumerated, but no amount of the insurance covers any particular article or articles of property mentioned, yet where the insured, when making application for the insurance, listed the property with the soliciting agent of the company, and in so doing placed a certain valuation upon one of the specific articles of property covered by the policy, and placed another valuation upon the remainder of the property, the aggregate of which two valuations was equal to the amount of insurance expressed in the policy, and the policy did not provide that the specific article so valued was insured for the amount of the valuation placed upon it, the total amount of insurance expressed in the policy covered all the property referred to therein, and where the insured afterwards suffered a loss by fire of some of the articles of property covered by the policy, but the article specifically valued

was not included in the property damaged, the property damaged is covered by the full amount of the policy, and the insured is entitled to recover, in accordance with the provisions of the policy, for the damage, to the full face value of the policy.

2. In a suit by the insured against the insurer to recover on the policy for loss by fire, the evidence was sufficient to authorize a finding that the amount of the verdict found for the plaintiff, which was in a sum less than the face value of the policy, represented three fourths of the value of the loss sustained by the plaintiff, which the plaintiff was permitted to recover under the provisions of the policy.

3. Applying these rulings, the evidence authorized the verdict for the plaintiff, and there was no error in instructing or in failing to instruct the jury, as assigned in the defendant's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 18, 1933.

*J. R. Irwin, C. C. King,* for plaintiff in error.
*Reuben M. Tuck,* contra.